UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KRISPY KRUNCHY FOODS, L.L.C | CIVIL ACTION |
| VERSUS | NO. 15-590 |
| AMA DISCOUNT, INC., ET AL. | SECTION "N" (2) |

### ORDER AND REASONS

Presently before the Court is Plaintiff's Rule 12(f) motion to strike (Rec. Doc. 37). For the reasons stated herein, **IT IS ORDERED** that the motion is **DENIED**.

Plaintiff's motion to strike asks the Court to strike certain argument and evidence that was submitted as part of Defendant's opposition (Rec. Doc. 36) to Plaintiff's motion for partial summary judgment (Rec. Doc. 34). Specifically, citing Defendant's failure to plead "license" in its answer (Rec. Doc. 16) as an affirmative defense to Plaintiff's infringement claims, Plaintiff contends that any argument or evidence pertaining to anything other than the liability elements of its trademark and trade dress infringement claims (i.e. the protectability of Plaintiff's mark and dress and the likelihood of confusion), especially license or license-related defenses, should be stricken.

Having considered the parties' submissions and the record in this matter, the Court, in an abundance of caution, declines to grant Plaintiff's request. In support of this determination, the Court notes, as an initial matter, that it has granted Plaintiffs' motion for partial summary judgment. See Rec. Doc. 51. Furthermore, the argument and evidence submitted as part of

1

Plaintiff's reply memorandum (in further support its motion for partial summary judgment) reflects that it has not been unduly prejudiced, as a practical matter, in its ability to respond to Defendant's contentions that Plaintiff failed to properly terminate the parties' license agreement insofar as Plaintiff allegedly "failed to provide [Defendant] with a reasonable opportunity to cure and only provided [Defendant] with a nominal grace period of seven days in which to fully accede to KKF's de-branding demands." See Rec. Doc. 36, p. 13.  Finally, in support of its claims, Plaintiff contends that the "likelihood of confusion" element of its trademark and trade dress claims is satisfied by Defendant's status as a "holdover licensee."  Given that assertion, it should not have come as a complete surprise that Defendant might contest the effective date of Plaintiff's termination of the license previously granted to Defendant, as well as whether Defendant thereafter timely complied with Plaintiff's "de-branding" demand.

     New Orleans, Louisiana, this 13th day of January 2016.

                                                               **KURT D. ENGELHARDT**
                                                               **United States District Judge**