UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KRISPY KRUNCHY FOODS, L.L.C. | CIVIL ACTION |
| VERSUS | NO. 15-590 |
| AMA DISCOUNT, INC.,<br>  d/b/a CHEF DISCOUNT MARKET,<br>ALI M. ALLAN, MOHAMMED ALLAN, and<br>SENECA SPECIALTY INSURANCE COMPANY | SECTION "N" (2) |

### ORDER AND REASONS

Presently before the Court is Plaintiff's January 21, 2016 "Rule 22(f) Motion to Strike" (Rec. Doc. 66). Having carefully considered the parties' submissions, the record in this matter, and applicable law, **IT IS ORDERED** that Plaintiff's motion is **GRANTED** to the extent stated herein.

Plaintiff's motion asks the Court to strike Nos. 6-11 of Seneca's "Proposed Conclusions of Law" (Rec. Doc. 63). More specifically, Plaintiff contends the insurance exclusions identified therein should not be considered by the Court because they are "affirmative defenses of which KKF was not put on notice until today [Wednesday, January 20, 2015]." *Id.* In making this assertion, Plaintiff emphasizes that none of these exclusions appeared in Seneca's previously filed Rule 12(b)(6) motion and, until yesterday (in response to the instant motion to strike), none were pled in an answer.[1] As such, Plaintiff did not seek previously seek responsive discovery and now, given that trial begins on Monday, lacks sufficient time to do so.

"Exclusions from a policy of insurance have been held to be affirmative defenses under Louisiana law." *Williams v. Allstate Indem. Co.,* No. 07-6797, 2009 WL 723526, *3 (E.D. La. 2009) (Feldman, J.) (citing *Aunt Sally's Praline Shop, Inc. v. United Fire & Casualty Co.*, No.

---

[1] See January 21, 2016   Answer (Rec. Doc. 73).

06–7674, 2008 WL 2517137, at *2 (E.D. La. June 20, 2008). "Rule 8(c) of the Federal Rules of Civil Procedure requires affirmative defenses to be set forth in a defendant's responsive pleading; failure to do so '"usually results in a waiver."' *Williams,* 2009 WL 723526, at *2 (E.D. La. 2009)(Feldman, J.) (citing *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 610 (5th Cir. 2007)). "Where the matter is raised in the trial court in a manner that does not result in unfair surprise, however, technical failure to comply precisely with Rule 8(c) is not fatal." *Id*. Therefore, a defendant does not waive the defense if it is raised at a "pragmatically sufficient time and the plaintiff was not prejudiced in its ability to respond." *Id.* A defendant may not, however, "'lie behind a log' and ambush a plaintiff with an unexpected defense." *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987).

In this instance, Plaintiff did not name Seneca as a defendant (in its second amended complaint) until after the January 25th trial date and pre-trial deadlines were set. Upon being named, Seneca waived service and then filed a Rule 12(b)(6) motion to dismiss urging only the "Knowing Violation of Rights of Another" exclusion. While that motion remained pending, Seneca, despite the approaching discovery deadline and impending January trial date, failed to put Plaintiff on notice of any other purportedly applicable policy exclusion by way of answer, motion, or, seemingly, any other means. Nor, significantly, did Seneca ever seek a continuance of the trial date, or any of the pre-trial deadlines, to allow more time for treatment of additional policy exclusions.

Rather, except for the "knowing violation exclusion" set forth in its motion to dismiss, Seneca's first specification of any other allegedly applicable policy exclusion appeared only in the parties' proposed pretrial order. See Rec. Doc. 65, pp. 11-12. Even there, however, the only additional exclusion referenced is the "Material Published Prior To Policy Period" exclusion set forth in Proposed Conclusion of Law No. 7.

Under these circumstances, Plaintiff will not be made to bear the burden for Seneca's litigation strategy decisions. Accordingly, because Seneca did not provide Plaintiff adequate notice of its assertion of particular policy exclusions, except the aforementioned "Knowing Violation of Rights of Another" exclusion, in pragmatically sufficient time to allow for appropriate pretrial discovery and, if warranted, motion practice, Nos. 6 - 11 of its Proposed Conclusions of Law are deemed stricken to the extent that they will not be considered by the Court.

New Orleans, Louisiana, this 22nd day of January 2016.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

**Clerk to Copy:**
Magistrate Judge Wilkinson